IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| NAKEISHA ALEXANDER,  ) | CIVIL ACTION 4:08-3384-HFF-TER |
| ) | |
| Plaintiff,  ) | |
| ) | |
| v.  ) | |
| ) | ORDER |
| MICHAEL J. ASTRUE,  ) | |
| COMMISSIONER OF SOCIAL  ) | |
| SECURITY,  ) | |
| ) | |
| Defendant.  ) | |
| _____ ) | |

This is an action brought pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. Section 405(g), to obtain judicial review of a "final decision" of the Commissioner of Social Security, denying plaintiff's claim for Disability Insurance Benefits (DIB) and Supplemental Security income (SSI). The only issues before the Court are whether the findings of fact are supported by substantial evidence and whether proper legal standards have been applied. Upon consent of the parties, this case was referred to the undersigned for the conduct of all further proceedings and the entry of judgment.

## I. PROCEDURAL HISTORY

The plaintiff, Nakisha Alexander, filed applications for DIB and SSI on June 13, 2005, alleging inability to work since March 30, 2005. The Administrative Law Judge (ALJ) issued an unfavorable decision on April 25, 2008. On July 31, 2008, the Appeals Council denied plaintiff's

request for review, thereby making the ALJ's decision the Commissioner's final decision for purposes of judicial review under section 205(g) of the Act.

## II. FACTUAL BACKGROUND

The plaintiff was born October 29, 1972, and has a high school education. She worked in the vocationally relevant past as a sewer in an industrial plant and as a cashier/waitress in a restaurant. (Tr. 23). Plaintiff alleges disability due to multiple symptoms, including seizure disorder and degenerative disk disease.

## III. DISABILITY ANALYSIS

The plaintiff argues that the ALJ failed to properly assess the treating physicians' opinions, failed to find that she meets listing 11.02, failed to explain his findings regarding her residual functional capacity, and failed to properly evaluate the credibility of the plaintiff. Plaintiff further argues that prior counsel submitted medical evidence showing 17 emergency rooms visits for seizures in 2006 and 18 in 2007 which is not in plaintiff's transcript which she argues supports a remand.

In the decision of April 25, 2008, the ALJ found the following:

1. The claimant meets the insured status requirements of the Social Security Act through September 30, 2009.

2. The claimant has not engaged in substantial gainful activity since March 30, 2005, the alleged onset date (20 CFR 404.1520(b) and 404.1571 et seq., 416.920(b) and 416.971 et seq.).

3. The claimant has the following severe impairments: seizure disorder and degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526, 416.920(d), 416.925 and 416.926).

5. After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform light work; however she should not perform any climbing with no more than frequent balancing, stooping, kneeling, crouching and crawling as well as no exposure to hazardous machinery and heights. She is also limited to simple routine work-related tasks.

6. The claimant is capable of performing past relevant work as a fast food cashier. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).

7. The claimant was not under a "disability" as defined in the Social Security Act, at any time through the date of the decision (20 CFR§§ 404.1520(g)).

(Tr. 12-18).

The Commissioner argues that the ALJ's decision was based on substantial evidence and that the phrase "substantial evidence" means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 390-401, (1971). Under the Social Security Act, 42 U.S.C. § 405 (g), the scope of review of the Commissioner's final decision is limited to: (1) whether the decision of the Commissioner is supported by substantial

evidence[1] and (2) whether the legal conclusions of the Commissioner are correct under controlling law. Myers v. Califano, 611 F.2d 980, 982-83 (4th Cir. 1988); Richardson v. Califano, 574 F.2d 802 (4th Cir. 1978). "Substantial evidence" is that evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 390. Such evidence is generally equated with the amount of evidence necessary to avoid a directed verdict. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). The Court's scope of review is specific and narrow. It does not conduct a de novo review of the evidence, and the Commissioner's finding of non-disability is to be upheld, even if the Court disagrees, so long as it is supported by substantial evidence. 42 U.S.C. § 405 (g) (1982); Blalock v. Richardson, 483 F.2d 773, 775 (4th Cir. 1972).

The general procedure of a Social Security disability inquiry is well established. Five questions are to be asked sequentially during the course of a disability determination. 20 C.F.R. §§ 404.1520, 1520a (1988). An ALJ must consider (1) whether the claimant is engaged in substantial gainful activity, (2) whether the claimant has a severe impairment, (3) whether the claimant has an impairment which equals a condition contained within the Social Security Administration's official listing of impairments (at 20 C.F.R. Pt. 404, Subpart P, App. 1), (4) whether the claimant has an impairment which prevents past relevant work and (5) whether the claimant's impairments prevent him from any substantial gainful employment.

Under 42 U.S.C. §§ 423 (d)(1)(A) and 423(d)(5) pursuant to the Regulations formulated by the Commissioner, the plaintiff has the burden of proving disability, which is defined as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or

---

[1] Substantial evidence "consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984).

4

mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." See 20 C.F.R. § 404.1505(a); Blalock, 483 F.2d at 775.

If an individual is found not disabled at any step, further inquiry is unnecessary. 20 C.F.R. § 404.1503(a). Hall v. Harris, 658 F.2d 260 (4th Cir. 1981). An ALJ's factual determinations must be upheld if supported by substantial evidence and proper legal standards were applied. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986).

A claimant is not disabled within the meaning of the Act if she can return to her past relevant work as it is customarily performed in the economy or as the claimant actually performed the work. SSR 82-62. The claimant bears the burden of establishing her inability to work within the meaning of the Social Security Act. 42 U.S.C. § 423 (d)(5). She must make a prima facie showing of disability by showing she was unable to return to her past relevant work. Grant v. Schweiker, 699 F. 2d 189, 191 (4th Cir. 1983).

Once an individual has established an inability to return to her past relevant work, the burden is on the Commissioner to come forward with evidence that the plaintiff can perform alternative work and that such work exists in the regional economy. The Commissioner may carry the burden of demonstrating the existence of jobs available in the national economy that the plaintiff can perform despite the existence of impairments which prevent the return to past relevant work by obtaining testimony from a vocational expert. Id. at 191.

## IV. ARGUMENTS

Plaintiff argues that the ALJ failed to consider all of the medical evidence and failed to properly assess the treating physicians' opinions as required. Plaintiff argues that Dr. I.F. Afulukwe treated her extensively in regard to her seizure disorder and opined that due to her chronic epileptic seizure disorder, she was unable to work. (Tr. 293, 367, 163, 788-789). Plaintiff asserts that Dr. Afulukwe completed an assessment form on her behalf indicating that she would be restricted to standing and walking less than one hour a day, lifting limited to 10 pounds for no more than one hour a day, with no kneeling, squatting, bending or stooping. However, plaintiff argues that the ALJ dismissed Dr. Afulukwe's assessment and opinions finding no support in the medical records. As to the restrictions Dr. Afulukwe placed on plaintiff, she argues the ALJ dismissed the restrictions solely on finding that the claimant's testimony contradicted the restrictions stating that "she is capable of a greater range of physical activity on a daily basis than Dr. Afulukwe has concluded." (Tr. 17). Plaintiff asserts that the ALJ specifically dismissed the restrictions indicated by Dr. Afulukew based on her testimony which he had previously dismissed as not credible. (Plaintiff's brief, p. 18). Plaintiff argues that her testimony does not directly contradict Dr. Afulukwe's opinions and restrictions.

Additionally, plaintiff argues that the ALJ failed to properly consider the medical evidence and misstates the medical evidence in the decision. Plaintiff asserts that a review of the medical evidence supports a finding that the ALJ incorrectly summarized the objective evidence in this case. For instance, plaintiff contends that the ALJ incorrectly found that "over the years, the claimant has undergone multiple EEGs and MRIs of the brain, the results of which have all been normal." (Tr. 12, plaintiff's brief, p. 19). Plaintiff asserts that the evidence includes a borderline EEG result for

6

epilepsy on December 30, 2002 (Tr. 376), EEG results showing epileptiform activity on May 15, 2005, when plaintiff was admitted to the hospital with acute seizures; an ICTAL EEG showing "left hemispheric onset seizure with one of the seizures, however, the other two seizures were general onset seizures." (Tr. 300); and, the January 2007, ICTAL Brain Spect showing increased uptake in both temporal lobes and "fairly marked" decreased activity in the parietal lobes. (Tr. 307). Plaintiff argues that ". . . the ALJ specifically found the Plaintiff had a seizure disorder, so any claims that the treating physicians' opinions are not supported by sufficient objective evidence to the extent they relate to seizures is dubious." (Plaintiff's brief, p. 20).

In her brief, plaintiff asserts that the ALJ's decision found that there "is no medical evidence of seizure activity from December 2006 to present by the claimant to her treating physician" and that there "is a significant gap of more than one year from January 2007 to the present wherein the claimant has not sought any medical treatment for seizures nor follow-up visits with her treating physicians." However, plaintiff argues that her prior counsel submitted argument to the Appeals Council detailing the numerous instances in 2006 and 2007 when plaintiff received treatment for seizures including medical evidence showing 17 emergency room visits for seizures in 2006 and 18 in 2007. Plaintiff asserts that much of the evidence referred to in the Appeals Council argument are not in the file except for some of the medical records through early 2006. Plaintiff asserts that the hearing decision does not have an attached exhibit list and the specific exhibits are not identified "so it is not possible to tell if this evidence has been improperly removed from the Plaintiff's claim file, if it was never submitted, or if the Plaintiff's counsel submitted the evidence but it was not entered into the file for some reason . . . The Appeals Council had a duty to inquire as to the existence of

this evidence after it was described in detail by plaintiff's counsel and clearly was not included in the Plaintiff's file(assuming it was not in the file at that time)." (Plaintiff's brief, p. 21).

Plaintiff also argues that the ALJ dismissed the opinion of disability of Dr. Michael Amiri without mentioning many of the clinical findings in the decision. Plaintiff asserts the ALJ fails to mention the diagnosis of carpal tunnel syndrome based on positive electromyelograph and surgery, no mention of testing demonstrating compressive median mononeuropathies, and no mention of pulmonary function testing showing restrictive lung disease in addition to misstating or omitting significant evidence regarding the clinical findings relating to testing for seizure activity.

Plaintiff requests that the claim be remanded for further consideration of the opinion of Dr. Afulukwe and Dr. Amiri, and that the ALJ should be instructed to resolve the issue of the evidence of frequent seizures throughout 2007 referred to in the argument to the Appeals Council, re-evaluate all of the medical evidence, and specifically explain how the clinical findings demonstrate the treating physicians are wrong in regard to plaintiff's disability and functional limitations.

Defendant asserts that the ALJ's decision is supported by substantial evidence. Defendant argues that plaintiff's allegation that the transcript is missing evidence relies on the fact that her previous attorney referenced medical records from 2007 and 2008 in his letter to the Appeals Council. Defendant argues, however, that there is no indication that these records were ever part of the record.

A review of the letter to the Appeals Council by plaintiff's prior attorney indicates he was enclosing the "Appeal Brief and attachments." (Tr. 790). Additionally, the brief discusses the emergency room records from Springs Memorial Hospital "which provide ample corroboration of the nature and frequency of the Claimant's seizures during 2006 and 2007 . . . " (Tr. 792).

8

Plaintiff's counsel summarized the treatment dates and the reasons for the visits revealing numerous Emergency Room visits for seizures. Her counsel argued in the appeal brief to the Appeals Council that "ALJ Leopold ignored the longitudinal medical record contained in the Springs Memorial Hospital ER records . . ." (Tr. 794-795). Some of the referenced emergency room reports from 2006 are contained in the record. However, the majority of the records referred to in the brief to the Appeals Council are not contained in the transcript provided to this court. Based on a reading of the brief to the Appeals Council, it is not clear if counsel believed the records to already be in evidence[2] or if he was attaching them to the brief. Furthermore, it is not apparent that the Appeals Council considered the evidence as the Appeal Council's notice of action merely stated that ". . . we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." (Tr. 3). However, a review of the Order listing the additional evidence only references the attorney's letter of June 27, 2008. Therefore, if the Appeals Council did review the evidence, it certainly gave no reason for its rejection of the evidence. Thus, this court cannot determine whether substantial evidence supports the Commissioner's findings. See Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980) ("The Appeals Council's failure to make specific findings concerning it was reversible error. Unless the Secretary explicitly indicates the weight given

---

[2] In the ALJ's decision he discussed the records revealing seizures but concludes follows:
> In addition, there is no medical evidence of seizure activity from December 2006 to the present reported by the claimant to her treating physician. In fact, with regard to the medical evidence, there is a significant gap of more than one year from January 2007 to the present wherein the claimant has not sought any medical treatment for seizures. . .

(Tr. 16).

to all the relevant evidence, we cannot determine on review whether the findings are supported by substantial evidence.")(citations omitted). Regardless, this evidence should be obtained and reviewed along with the other evidence of record to determine if plaintiff meets a listing. If not, the combination of her impairments should be considered in relation to the evidence regarding the frequency of her seizures, the treating physicians' opinions should be properly analyzed, the analysis of plaintiff's credibility should be reconsidered taking into account the additional medical evidence from Springs Memorial Hospital, and her residual functional capacity determined.

If the ALJ does not analyze all the evidence and fully explain the weight he has given to obviously probative exhibits, to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine the conclusions reached are rational. Arnold v. Secretary of Health, Educ. & Welfare, 567 F.2d 258, 259 (4th Cir. 1977). As a result of the record being incomplete, and, thus, the ALJ's failure to consider evidence that may be relevant and explain his assessment of that evidence, the court is unable to ascertain whether the Commissioner's decision is supported by substantial evidence. Therefore, this claim is remanded to the Commissioner to obtain all of the records from Spring Memorial Hospital as referenced in Counsel's brief to the Appeals Council and to re-evaluate all of the medical evidence as required under the five step evaluation.

### V. CONCLUSION

In conclusion, it may well be that substantial evidence exists to support the Commissioner's decision in the instant case. The court cannot, however, speculate on the barren record presented.

Accordingly, IT IS ORDERED that the Commissioner's decision be REVERSED and that

this matter be REMANDED TO THE COMMISSIONER PURSUANT TO SENTENCE FOUR for further proceedings in accordance with this opinion.

    AND IT IS SO ORDERED.

                                              s/Thomas E. Rogers, III
                                              Thomas E. Rogers, III
                                              United States Magistrate Judge

March 23, 2010
Florence, South Carolina