**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION**

| | | |
|---|---|---|
| **NAKISHA ALEXANDER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action No. 4:08-3384-TER** |
| | ) | |
| **vs.** | ) | |
| | ) | **ORDER** |
| **MICHAEL J. ASTRUE,** | ) | |
| **COMMISSIONER OF SOCIAL** | ) | |
| **SECURITY ADMINISTRATION,** | ) | |
| | ) | |
| **Defendant,** | ) | |
| | ) | |

This matter is before the court on plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d). Plaintiff requests $4,851.25 in attorney's fees plus $373.00 in costs on the grounds that she is a prevailing party entitled to attorney's fees by the EAJA. Defendant contests the awarding of such fees, asserting the government's position was substantially justified.


**Background**

The plaintiff, Nakisha Alexander, filed applications for DIB and SSI on June 13, 2005, alleging inability to work since March 30, 2005, due to multiple symptoms, including seizure disorder and degenerative disk disease. The Administrative Law Judge (ALJ) issued an unfavorable decision on April 25, 2008.  On July 31, 2008, the Appeals Council denied plaintiff's request for review. Plaintiff brought this action pursuant to 42 U.S.C. 405(g), seeking judicial review of the "final decision" of the Commissioner of the

Social Security Administration ("Commissioner"). Pursuant to 28 U.S.C. 636, Local Rule 83.VII.02 (DSC), and with the consent of the parties, the case was referred to the undersigned magistrate judge for further proceedings and entry of judgment. On March 23, 2010, the undersigned ordered that the decision of the Commissioner be reversed and the case remanded to the Commissioner for further administrative proceedings pursuant to Sentence Four. A remand was ordered to the Commissioner as follows:

> A review of the letter to the Appeals Council by plaintiff's prior attorney indicates he was enclosing the "Appeal Brief and attachments." (Tr. 790). Additionally, the brief discusses the  emergency room records from Springs Memorial Hospital "which provide ample corroboration of the nature and frequency of the Claimant's seizures during 2006 and 2007 . . .  " (Tr. 792). Plaintiff's counsel summarized the treatment dates and the reasons for the visits revealing numerous Emergency Room visits for seizures. Her counsel argued in the appeal brief to the Appeals Council that "ALJ Leopold ignored the longitudinal medical record contained in the Springs Memorial Hospital ER records . . ." (Tr. 794-795). Some of the referenced emergency room reports from 2006 are contained in the record. However, the majority of the records referred to in the brief to the Appeals Council are not contained in the transcript provided to this court. Based on a reading of the brief to the  Appeals Council, it is not clear if counsel believed the records to already be in evidence[1] or if he  was  attaching  them  to  the  brief.

---

[1] In the ALJ's decision he discussed the records revealing seizures but concludes follows:

> In addition, there is no medical evidence of seizure activity from December 2006 to the present reported by the claimant to her treating physician. In fact, with regard to the medical evidence, there is a significant gap of more than one year from January 2007 to the present wherein the claimant has not sought any medical treatment for seizures. . .

2

Furthermore, it is not apparent that the Appeals Council considered the evidence as the Appeal Council's notice of action merely stated that ". . . we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council." (Tr. 3). However, a review of the Order listing the additional evidence only references the attorney's letter of June 27, 2008. Therefore, if the Appeals Council did review the evidence, it certainly gave no reason for its rejection of the evidence. Thus, this court cannot determine whether substantial evidence supports the Commissioner's findings. See Myers v. Califano, 611 F.2d 980, 983 (4th Cir. 1980) ("The Appeals Council's failure to make specific findings concerning it was reversible error. Unless the Secretary explicitly indicates the weight given to all the relevant evidence, we cannot determine on review whether the findings are supported by substantial evidence.")(citations omitted). Regardless, this evidence should be obtained and reviewed along with the other evidence of record to determine if plaintiff meets a listing. If not, the combination of her impairments should be considered in relation to the evidence regarding the frequency of her seizures, the treating physicians' opinions should be properly analyzed,  the analysis of plaintiff's credibility should be reconsidered taking into account the additional medical evidence from Springs Memorial Hospital, and her residual functional capacity determined.

(Order).

On June 15, 2010, plaintiff's attorney filed a petition for attorney's fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. §2412. The Act allows for an award of attorney's fees where the party shows four factors:

1.    That it is the prevailing party;

2.    That an application for such fees,  including an itemized justification for such amount requested, is timely filed within thirty days of final judgment in the action;

3.      That the government's position was not substantially justified; and

4.      That no special circumstances make an award of fees unjust.

Id. The petition seeks fees for 28.35 hours at an hourly rate of $171.12 per hour (totaling $4851.25) plus costs of $373.00 under the EAJA. On July 2, 2010, the Commissioner filed a response in opposition arguing that his position in this case was substantially justified.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing substantial justification. Thompson v. Sullivan, 980 F.2d 280 (4th Cir. 1992).

The standard to be applied in determining whether the Commissioner was "substantially justified" for purposes of determining whether award of attorney's fees under the EAJA is warranted, is whether there was arguably substantial evidence to support the Commissioner's position, not whether there was some evidence to support the position. Anderson v. Heckler, 756 F.2d 1011 (4th Cir. 1984).

> The government's position must be substantially justified in both fact and law. . . In other words, favorable facts will not rescue the government from a substantially unjustified position on the law; likewise, an accurate recital of law cannot excuse a substantially unjustified position on the facts. After prevailing in the underlying suit, a petitioner may rely on either a prelitigation position or a position taken during litigation as a predicate for fees. However, where the government's unjustified prelitigation position forces the petitioner to institute the suit, the government is liable for fees for the whole suit, notwithstanding that it

asserts justifiable positions in the various subsidiary disputes that may arise during litigation.

Thompson v. Sullivan, 980 F.2d at 281-282.

According to 42 U.S.C. § 423(d)(5)(B), "[i]n making any determination the Commissioner of Social Security shall make every reasonable effort to obtain from the individual's treating physician (or other treating health care provider) all medical evidence, including diagnostic tests, necessary in order to properly make such determinations."

While the remand of an agency decision for further proceedings does not always mean that the agency's actions were not substantially justified, this court believes on the record before it that the defendant's actions were not substantially justified and that an award of attorney's fees is appropriate.

Based on the foregoing and after consideration of the briefs and affidavits submitted, the court overrules the defendant's response to the plaintiff's motion for attorney's fees. The undersigned finds that plaintiff is entitled to the fees under EAJA. Accordingly,

IT IS ORDERED that plaintiff's motion for attorney's fees under the EAJA is granted in the amount of $4,851.25 in attorney's fees plus costs of $373.00 for a total of $5224.25.[2]

---

[2] "Attorney's fees under EAJA are payable to the claimant, not the attorney" and "it is settled law that the attorney does not have standing to apply for the EAJA fees; that right belongs to the prevailing party." Stephens v. Astrue, 565 F.3d 131, 137-38 (4th Cir. 2009) (internal quotation marks omitted).

IT IS SO ORDERED.

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United Stated Magistrate Judge

December <u>1</u>, 2010
Florence, South Carolina